GEORGE W. CARR *et al.*, Appellants, *against* THE HILLS ARCHIMEDEAN LAWN MOWER COMPANY, Respondents.

(Decided March 14th, 1884.)

In an action for breach of a contract by defendants to give the exclusive sale for export of machines made by them to plaintiffs, where the breach relied upon is the sale by defendants of such machines directly to exporters, evidence of the profits made by plaintiffs on sales of like machines furnished to them by defendants under the contract and sold to the same exporters at or about the times of the sales by defendants complained of, is admissible upon the question of damages; the measure of damages is not merely the difference between the actual sales made by defendants to the persons referred to and the price at which defendants were selling similar machines, at or about the same time, to plaintiffs. But the plaintiffs cannot recover as damages, money expended by them in creating a market abroad.

An exception to the ruling of a referee as to the measure of damages is not waived by a subsequent agreement between the parties fixing the amount of damages to be reported by the referee, where the party taking the exception specially reserves the right to a review of such ruling.

APPEAL from a judgment of this court entered upon the report of a referee.

The action was brought to recover damages for alleged breaches of agreement by defendants, as to which the referee, in an interlocutory report which was not excepted to by either party, found, in part, as follows :—

"Early in 1875 the plaintiffs and defendants made an agreement to the following effect, viz.: that plaintiffs, who were engaged in the business of exporting agricultural tools

Carr *v.* Hills Archimedean Lawn Mower Co.

and implements, should endeavor to work up a foreign trade in the lawn mowing machines manufactured by the defendants, and that in consideration of their exertions for that purpose, and of their giving the defendants' machines a preference over all others, they, the defendants, should not sell any of their machines to other persons, either resident abroad or engaged at home in the export trade, except to a firm of Markt & Co., with whom they had already established a connection, and that in order to protect the plaintiffs in doing this business, the defendants would sell them their machines at prices lower (but it was not determined how much lower) than to Markt & Co."

"Relying upon these agreements, the plaintiffs exerted themselves in various ways by personal efforts and advertisements, &c., to establish, and finally did establish, a considerable export trade in the defendants' machines in England and elsewhere abroad."

At the trial, plaintiffs introduced evidence tending to show that certain firms, who were exporters, had actually bought such lawn mowing machines of the defendants for export, and that they were all customers of plaintiffs. They further offered "to prove the profits that they, plaintiffs, were making on like mowers purchased from the defendant and sold by them to exporters in New York, at or about the times the said different sales were made by defendant to said firm." This was objected to by defendants, and was ruled out by the referee, "on the ground that, assuming the persons named to have been exporters in the City of New York, the true measure of damages should be the difference, if any, between the actual sales made by the defendants to these respective persons and firms, and the price at which the defendants were selling similar lawn mowers at or about the same time to the plaintiffs." To this ruling plaintiffs excepted.

It further appeared from the record that, at a subsequent stage of the case, plaintiffs' counsel stated, in reply to an inquiry of defendants' counsel, that plaintiffs claimed that the evidence showed that, under the rules laid down by the

referee for estimating damages, plaintiffs had sustained damages to the extent of $85, growing out of the sales to Markt & Co. by the defendants, in violation of their agreement; the said rule as laid down by the referee being that the plaintiffs were entitled to the difference between the prices of mowers to Markt & Co., and the prices of similar mowers sold at or about the same time by defendants to plaintiffs, when the prices to plaintiffs were higher than to Markt & Co., because plaintiffs were entitled to prices at least as low as to Markt & Co.: and the further sum of $360.74, growing out of defendants' sale of lawn mowers to various alleged exporters, in violation of defendants' agreement. Defendants' counsel thereupon stated that while he claimed that the evidence, when all in, would show no violation by defendants of any of their agreements with plaintiffs, and no legal damage whatever resulting to plaintiffs from any of the alleged violations, nevertheless, to save further expense and delay in litigating questions involving so small an amount, he offered to consent to the referee's reporting that plaintiffs had sustained damage to the extent of $222.87, half the amount claimed, and that the same be deducted from the amount of defendants' counterclaim, as thereafter established.

The record further showed that "plaintiffs' counsel, upon consideration, accepted defendants' said offer," reserving the right to, and then and there making and entering their exception to the rule of damages laid down by the referee in reference to the goods sold by defendants to Markt & Co.

The record further showed that no further evidence was offered by either party on the subject of damages, and that the referee found and reported in accordance with said offer and acceptance that plaintiffs had sustained damages and were entitled to be credited on defendants' counterclaim with $222.87.

Defendants' counterclaim was also established by consent of parties at $4,242.43, from which the referee deducted the damages agreed upon, $222.87, and ordered judgment

in favor of defendants for the balance, $4,019.56, and costs. From this judgment plaintiffs appealed.

*John L. Logan* and *C. P. L. Butler, Jr.*, for appellants.

*Charles D. Adams*, for respondents.

CHARLES P. DALY, Chief Justice.—The rule of damages which the referee applied in this case was erroneous. He held that the true measure of damages was the difference between the actual sales made by the defendants to the persons and firms referred to, and the price at which the defendants were selling similar lawn mowers, at or about the same time, to the plaintiffs. A rule like this would put it in the power of the defendants, after a market had been created abroad for the article by the money expended by the plaintiffs, to deprive the plaintiffs of all interest whatever from the contract by selling the article abroad and to the exporters here at a lower price than the plaintiffs could sell them for and obtain any profit. It would be to take the market which the plaintiffs had created away from them, which could be easily done under such a rule ; for if the defendants sold to the others at the same price that they sold to the plaintiffs, then no damage could be recovered by the plaintiffs, although the defendants had violated their contract.

The plaintiffs' damage is what it may fairly be assumed they would have gained if they had been allowed to have what was secured to them by the contract, the exclusive sale of the mowers in the foreign market and to the exporters here.

It might be assumed, *prima facie*, unless from facts given in evidence the contrary appeared, that the plaintiffs could have sold mowers to the same foreign customers and exporters that the defendants did in violation of their contract, and the measure of loss or damage of the plaintiffs would be the difference between what they paid the defendants for mowers and the average price they were ordinarily obtaining for them from the exporters and foreign customers.

This was what the plaintiffs offered to show; that is, what profits they were making upon like mowers purchased from the defendants and sold by plaintiffs to the exporters in New York; which the referee would not allow them to do, under the rule he laid down as the true measure of the damages.

The plaintiffs were not entitled to recover, as a part of their damages, the amount they had expended in creating a market abroad. It was an outlay for which the plaintiffs expected to be remunerated if they succeeded in creating the market, as they had, under the contract, the exclusive right of selling the mowers in the market so created, at such prices as they could obtain for them. This risk they took when they made the expenditure, and if the defendants are held to a strict performance of their contract, by being compelled to pay for whatever loss it may fairly be assumed the plaintiffs have sustained by the defendants selling mowers in violation of the contract, and the plaintiffs get upon all such sales the difference between what they pay defendants for mowers and the average price at which they sell them in the market they have created, then they obtain all that they expected from their contract, and are fully remunerated for the violation of it.

The case, therefore, should go back to the referee, for re-assessment of the damages, unless the plaintiffs are concluded by the agreement under which the amount of the damages was fixed, as reported by the referee ; upon which there is some difficulty, arising from the manner in which the proposition of the defendants and the acceptance of it by the plaintiffs' counsel is stated in the case. Upon full consideration, however, I think the fair construction and statement of what passed between the parties, is this :

The plaintiff claimed, under the rules laid down by the referee for estimating the damages in respect to the sales to Markt & Co. and the sales to exporters, that they were entitled to receive $85 for the Markt & Co.'s sales, and $360.74 for the sales to exporters. The defendants, on the contrary, claimed that, applying these rules to the evidence, the plaint-

iffs were not entitled to recover anything. But to save further delay and expense in litigation the defendants were willing that a report might be made for half the amount claimed by the plaintiffs, or $222.87, which the plaintiffs' counsel accepted. In doing so, he did not understand that the exception previously taken to the rules laid down by the referee was to be waived, but on the contrary, that that ruling was to be reviewed, as it materially affected the amount of the plaintiffs' recovery; and the explanation of the exception reserved by the plaintiffs' counsel in accepting the proposition of the defendants was this: the counsel evidently thought there might be some doubt as to the effect of his acceptance on the rule applied to Markt & Co.'s sales, the rule of the measure of damages there being peculiar; and the plaintiffs' counsel, therefore, made this special reservation, so that there might be no question of the plaintiffs' right to review this ruling, as well as the others, upon the appeal from the judgment entered upon the report of the referee. I think therefore that the judgment should be reversed, and the case sent back to the referee, for a reassessment of the damages.

LARREMORE and BEACH, JJ., concurred.

Order accordingly.